UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLA C. ALFARO BRITTANY, | No.  2:26-cv-0537 DJC AC PS |
| Plaintiff, | |
| v. | ORDER |
| GOLDEN ONE CREDIT UNION, | |
| Defendant. | |

This case was filed on February 23, 2026.  ECF No. 1.  Plaintiff is proceeding in this action pro se.  Pre-trial proceedings are accordingly referred to the undersigned by E.D. Cal. 302(c)(21).  Plaintiff has moved for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.  ECF No. 2.

All parties instituting any civil action, suit or proceeding in any district court of the United States, except an application for writ of habeas corpus, must pay a filing fee.  See 28 U.S.C. § 1914(a).  Under 28 U.S.C. § 1915(a)(1), a pro se plaintiff may proceed without prepayment of fees by submitting "an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor."  See Flores v. Cal. Corr. Women's Facility, No. 1:19-cv-1509-NONE-JLT, 2020 U.S. Dist. LEXIS 110867, 2020 WL 8821643, at *1 (E.D. Cal. June 24, 2020) (noting that § 1915(a)(1) applies to non-prisoner plaintiffs).  "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay

/////

1

the court costs and still afford the necessities of life." <u>Escobedo v. Applebees</u>, 787 F.3d 1226, 1234 (9th Cir. 2015).

Plaintiff's IFP Application does not demonstrate that she is unable to pay the filing fee and still afford the necessities of life. Plaintiff identified her average monthly income from employment for the past 12 months as $19,677.00. ECF No. 2 at 1. Plaintiff stated she receives income from owning a small Mocha Café vending stand, disability payments through the Social Security Administration, a USA Patron Inheritance, and a Trust Bond & Stock Allotment. <u>Id.</u> at 1. She identified assets including $307,000.00 in a checking account. <u>Id.</u> at 2. Plaintiff listed housing, transportation, and loan payments as expenses, but she did not identify the amount paid in each of these categories. <u>Id.</u>

Although plaintiff did not identify her monthly expenses, an income of over $230,000.00 annually with a checking account balance in excess of $300,000.00 unquestionably removes plaintiff from IFP eligibility. Given plaintiff's financial status, pursuant to 28 U.S.C. § 1915(a), the court finds that plaintiff's income is sufficient to pay the one-time filing fee of $405.00 and still afford the necessities of life. <u>See</u> <u>Kenetta M. v. Bisignano</u>, 2025 U.S. Dist. LEXIS 176006, *3 (S.D. Cal. Sept. 9, 2025, denying IFP motion where monthly income exceeded expenses by $863.00); <u>Segobia v. Saul</u>, No. 19-CV-1661-NLS, 2019 U.S. Dist. LEXIS 156170, at *6 (S.D. Cal. Sept. 12, 2019) (denying in forma pauperis motion where monthly income exceeded monthly expenses by $600.00).

Accordingly, IT IS HEREBY ORDERED plaintiff's motion to proceed with IFP status (ECF No. 2) is DENIED. Plaintiff must pay the filing fee within 30 days of this order. If plaintiff fails to pay the filing fee, this case will be dismissed for failure to prosecute.

DATED: March 2, 2026.

allison Clare
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2